IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUN 0 6 2007

MATTHEW J. DYKMAN
CLERK

FREEDOM FROM RELIGION
FOUNDATION, INC.; PETER VIVIANO,
ERNIE HIRSHMAN, SABINA HIRSHMAN,
PAUL WEINBAUM, MARTIN J. BOYD, M.D.,
and JESSE V. CHAVEZ,

        Plaintiffs,

v.

Case No. CIV 05-1168-RLP/KBM

GOVERNOR BILL RICHARDSON, SECRETARY
JOE R. WILLIAMS, HOMER GONZALES,
BILL SNODGRAS, and CORRECTIONS
CORPORATION OF AMERICA, INC.,

        Defendants.

## PRETRIAL ORDER

This matter is before the Court pursuant to Fed.R.Civ.P. 16. The parties conferred and submit the following Pretrial Order.

### I. APPEARANCES

Attorneys who will try the action:

    For Plaintiff(s)        Richard L. Bolton

                              Adam Baker

    For Defendant(s)      Gail Gottlieb/Benjamin Thomas – Corrections

                              Corporation of America and Bill Snodgrass

<u>David Thomson/David Tourek - Joseph Williams and</u>

<u>Homer Gonzales</u>

## II. JURISDICTION AND RELIEF SOUGHT

**A. Subject Matter Jurisdiction.**

**1. Was this action removed or transferred from another forum?**

___ Yes  _X_  No.  If yes, was the action removed or transferred?

_____ Removed      _____ Transferred      _____ Original forum

2. Is subject matter jurisdiction of this Court contested?

_X_  Uncontested  _____ Contested      _____ Party contesting

**3. Asserted basis for jurisdiction.**

_X_ Federal Question      _____ Diversity      _____ Other

Statutory Provision(s) Invoked: <u>42 U.S.C. § 1983</u>

**B. Personal Jurisdiction and Venue.**

**1. Is personal jurisdiction contested?**

___ Uncontested     _X_  Contested

Identify the party contesting personal jurisdiction and basis for objection:

<u>Defendants contend that the individual Plaintiffs lack taxpayer standing to assert</u>

<u>the claims in their lawsuit, and Freedom from Religion Foundation, Inc. lacks</u>

<u>organizational standing.</u>

**2. Is venue contested?**

_X_ Uncontested      _____ Contested      _____ Party contesting

**C. Are the proper parties before the Court?**

2

       _X_ Uncontested     \_\_\_\_\_ Contested

If contested, identify each missing party or improper party and the basis for the contention:

**D. Identify the affirmative relief sought in this action.**

    1.      Plaintiff seeks: Injunctive relief and fees and costs pursuant to 42 U.S.C. sec. 1988.
    2.      Defendants seek: Attorneys fees and costs pursuant to 42 U.S.C. §§1983, 1988.

### III. BRIEF DESCRIPTION OF NATURE OF CLAIMS/DEFENSES.

**A. Plaintiff's claims:** Bible-based residential prison program offered to inmates at the New Mexico Women's Correctional Facility violates the Establishment Clause; also, actions of Homer Gonzales give appearance of religious endorsement by preferring faith-based programming.

**B. Defendants' defenses:** *(A defendant claiming entitlement to qualified immunity must set forth with specificity the basis of the defense.)*

Defendants contend that Plaintiffs lack taxpayer standing to assert this lawsuit, and that Freedom From Religion Foundation, Inc. lacks organizational standing. The faith-based unit at the New Mexico Women's Correctional Facility is a constitutionally sound prison program and does not violate Establishment Clause. The provision of the program is an accommodation of inmate's right to practice religion and is reasonably related to a legitimate penological interest. There is no appearance of endorsement of religion.

The CCA Defendants' Affirmative Defenses: (1) Plaintiffs' Complaint, and each and every purported claim therein, fails to state a claim upon which relief may be granted; (2) Plaintiffs' lack standing to assert their claims, and therefore this Court is without jurisdiction

3

over such claims; (3) Plaintiffs' claims are barred by the doctrines of laches, waiver, estoppel and unclean hands; (4) Plaintiffs' have suffered no damages as a result of any actions or inactions by the CCA Defendants; (5) The CCA Defendants at all times, acted in good faith and in compliance with all applicable laws, regulations, and consent decrees relating to the operation of prisons; (6) The CCA Defendants are not state actors under 42 U.S.C. § 1983, and the conduct complained of did not constitute state action if it occurred; (7) Plaintiffs' damages, if they had any, were not caused in fact, or were not proximately caused by the actions or inactions of the CCA Defendants; (8) Any action or inaction by the CCA Defendants did not constitute a violation of Plaintiffs' rights under any law, including but not limited to the Constitution of the United States; (9) Any action or inaction on the part of the CCA Defendants was privileged and therefore the CCA Defendants are not subject to liability; (10) Plaintiffs are not entitled to any of the relief sought in their Complaint, because CCA's faith-based programming is not in violation of the Establishment Clause.

The State Defendants' Affirmative Defenses: (1) Plaintiffs' Complaint, and each and every purported claim therein, fails to state a claim upon which relief may be granted; (2) Plaintiffs' lack standing to assert their claims, and therefore this Court is without jurisdiction over such claims; (3) Plaintiffs' claims are barred by the doctrines of laches, waiver, estoppel and unclean hands; (4) Plaintiffs' have suffered no damages as a result of any actions or inactions by the State Defendants; (5) The State Defendants at all times, acted in good faith and in compliance with all applicable laws, regulations, policies and consent decrees relating to the operation of prisons; (6) Plaintiffs' damages, if they had any, were

4

not caused in fact, or were not proximately caused by the actions or inactions of the State Defendants; (8) Any action or inaction by the State Defendants did not constitute a violation of Plaintiffs' rights under any law, including but not limited to the Constitution of the United States; (9) Any action or inaction on the part of the State Defendants was privileged and therefore the State Defendants are not subject to liability; (10) Plaintiffs are not entitled to any of the relief sought in their Complaint, because the faith-based programming is not in violation of the Establishment Clause.

**C. Claims or defenses of other party(s): N/A**

*(Where counterclaims or cross-claims exist, also give brief description.)*

## IV. FACTUAL CONTENTIONS UNDERLYING CLAIMS/DEFENSES

**A. Stipulated Factual Contentions.**

The parties agree to the following facts listed separately below:

1. The Life Principles Community/Crossings Program is a faith-based residential prison program operated at the New Mexico Women's Correctional Facility in Grants, New Mexico, in which approximately 38 of the approximate 595 inmates at the facility participate at a time.

2. The New Mexico Women's Correctional Facility is operated by the Corrections Corporation of America under contract with the New Mexico Corrections Department.

3. The prison chaplain at the New Mexico Women's Correctional Facility is employed by the Corrections Corporation of America and administers to the

5

religious and/or spiritual needs of all inmates at the facility, and she also oversees the Life Principles Community/Crossings Program.

## B. Contested Material Facts.

1. Plaintiff's Contentions: The Plaintiffs, Martin Boyd, Jesse Chavez and Paul Weinbaum are New Mexico state income taxpayers who are opposed to the use of State tax appropriations to fund religious indoctrination. State funds are used to operate the Life Principles/Crossings Bible-based residential prison program. The Life Principles/Crossings Program is sponsored by the State's agent CCA. The program has the appearance of endorsement by the State and CCA. The religious content and the decision to offer the program has been made by CCA and approved by the State, based on perceived benefits of religious programming. Program materials are purchased with State tax appropriations.

2. Defendants' Contentions: No state funds support the operation of the faith-based living unit at the New Mexico Women's Correctional Facility ("NMWCF"). The faith-based living unit does not violate the Establishment Clause. The faith-based unit meets legitimate penological goals directed toward rehabilitation. There is no appearance of endorsement of religion.

Corrections Corporation of America ("CCA") expends its own funds to house, feed and provide programming for the inmates at the NMWCF. CCA determines how its funds are allocated in the operation of the NMWCF. The funds expended by CCA to develop the

6

program were from CCA's profits, and were not treated as operating expenses of any facility.

Pursuant to its contract with the New Mexico Corrections Department, Corrections Corporation of America receives a flat per diem amount per inmate it houses at the New Mexico Women's Correctional Facility. The per diem amount is not affected by whether or not an inmate chooses to participate in any particular program. Corrections Corporation of America receives no other payments from the New Mexico Corrections Department for operating the New Mexico Women's Correctional Facility, and does not receive separate or additional money from the State of New Mexico for the purpose of funding the faith-based living unit.

The Life Principles Community/Crossings Program is a faith-based residential unit, and has identified goals directed toward behavior change. The program typically has a waiting list for entry into the program.

The Life Principles Community/ Crossings Program living unit is identical in furnishing and amenities to all other living units of equivalent security levels. Inmates may leave the Life Principles Community/Crossings program at any time without penalty. Inmates do not receive any aid or benefit in parole considerations by participating in the Life Principles Community/Crossings program, and are informed of this fact. Participation by inmates in the Life Principles Community/Crossings program is entirely voluntary. There are no positive or negative institutional consequences specific to the program attending entry into or departure from the program.

All inmates at the New Mexico Women's Correctional Facility have the opportunity to participate in some form of programming, and nearly one-hundred percent of the inmates participate in programming. The facility offers various program opportunities, including education, mental health, recovery treatment, vocational, and faith-based behavior change.

Inmates maintain the genuine private choice of whether or not to participate in the faith-based unit or any of the other number of programming opportunities available at the facility. Inmates are considered for eligibility for participation in the faith-based residential program without regard to their religious beliefs or lack thereof, and no religious services such as baptisms are performed within the program. Inmates in the faith-based residential program may continue to follow their own religious practices whether those practices are Christian or non-Christian. This includes Native American sweat lodge ceremonies and Wiccan observances. Prison officials observed that there were few misconduct reports coming from inmates in the Life Principles/Crossings program, and this has been a positive influence in the facility.

## V. APPLICABLE LAW

**A. Do the parties agree which law controls the action?**

    _X_ Yes      ____ No

**If yes, identify the applicable law.** <u>Federal Constitutional law and 42 U.S.C. § 1983.</u>

**If no, identify the dispute and set forth each party's position regarding the applicable law.** N/A

1. Plaintiff

2. Defendant

## VI.  CONTESTED ISSUES OF LAW

**Identify the specific issues of law which are contested**

1. Plaintiff -   Whether the sponsorship of the Life Principles/Crossings Program by CCA and the State violates the Establishment Clause.

2. Defendants -

(1)   Whether Plaintiffs have standing, as set forth in CCA's Motion for Summary Judgment on Alleged Taxpayer Standing.  Plaintiffs have failed to carry their burden of establishing a measurable appropriation of state taxpayer funds supporting the challenged program.  Freedom From Religion, Inc. has also failed to meet the requirements for establishing organizational standing.

(2)   Whether Establishment Clause violated, as set forth in more detail in Defendants' Motions for Summary Judgment.  The faith-based living unit passes muster under the analysis of *Lemon v. Kurtzman*, 403 U.S. 602 (1971) and *Agostini v. Felton*, 521 U.S. 203 (1997) and their progeny.  The faith-based living unit serves as an accommodation to the inmates' religious rights.  Because prison inmates, like persons in the military, cannot attend to their spiritual needs at will, the government must make some provision for religious liberty in those contexts.  Moreover, the program is entirely voluntary with no special institutional or parole consideration advantages

9

    attached to the participation in the program. The program is non-coercive and allows inmates to continue to practice their own religious beliefs. Inmates decide to participate in the faith-based unit through their own genuine private choice, thereby passing the "circuit breaker" analysis of *Zelman v. Simmons-Harris*, 536 U.S. 639 (2002).

(3) Whether *Turner v. Safley*, 482 U.S. 78, 107 S.Ct. 2254 (1987) governs the standard of review. Under *Turner*, a prison regulation that impinges upon the constitutional rights of inmates is still valid if reasonably related to a legitimate penological interest. Because the faith-based unit serves the legitimate penological purpose of inmate rehabilitation (as well as accommodation of inmate religious rights), even if the program were found to infringe on rights, the program would pass constitutional muster.

## VII. MOTIONS

**A. Pending Motions (indicate the date filed):** There are no pending motions at this time.

**B. Motions which may be filed:**

  **1.** Plaintiff – No anticipated motions.

  **2.** Defendants - Any necessary Motions in Limine.

The briefing package must be complete and filed with the Court by July 16, 2007.

## VIII. DISCOVERY

**A. Has discovery been completed?** _X_ Yes _____ No

If no, discovery terminates on _____.

B. **Are there any discovery matters of which the Court should be aware? No.**

## IX. ANTICIPATED WITNESSES

*Each party is under a continuing duty to supplement this list and the description of anticipated testimony. This does not, however, apply to a rebuttal witness. Indicate if the witness will testify in person or by deposition and include a brief description of the anticipated testimony. If the testimony is by deposition, identify the deposition by page number and line number. A witness who has not been identified and whose testimony has not been disclosed may not testify at trial unless good cause is shown.*

**A. Plaintiff's Witnesses:**

1. Plaintiff will call or have available at trial the following witnesses: Martin Boyd, Jesse Chavez, Paul Weinbaum, Dan Barker, Homer Gonzalez, Bill Snodgrass, Joseph Williams, Allen Cooper, Shirley Compton and Jerry Smith.

2. Plaintiff may call the following witnesses: John Lanz (by deposition), Victor Lofgreen (by deposition), Elizabeth Dinsmore (by deposition), and Dennis Bradby (by deposition).

**B. Defendants' Witnesses:**

1. Defendants will call or have available at trial the following witnesses: Allen Cooper.

2. Defendants may call the following witnesses: Martin Boyd, Jesse Chavez, Paul Weinbaum, Dan Barker, Homer Gonzalez, Bill Snodgrass, Joseph Williams, Shirley Compton, Jerry Smith, Victor Lofgreen, Ph. D., Elizabeth Dinsmore, Ph. D.,

Nicole Neal, John Coyle, Thelma Flowers, Lorenzo Ruiz, Stanley Clark, Eric Thompson, and John Lanz.

## X. TRIAL PREPARATION

### A. Exhibits.

The parties must confer over all trial exhibits. This does not apply to rebuttal exhibits that cannot be anticipated before trial. The parties must file an original plus three (3) copies of the parties' "consolidated exhibit list identifying all exhibits that the parties have stipulated are admissible" and a "consolidated exhibit list identifying all exhibits the parties have stipulated to be authentic, but to which there are other objections" no later than July 20, 2007.

For those exhibits on which a stipulation could not be reached, the offering party must file a separate "contested exhibit list" no later than July 20, 2007. An original plus three (3) copies of each party's contested exhibit list must be filed on the date identified in the preceding paragraph. In addition, two courtesy copies of the contested and uncontested exhibit list must be delivered to the judge's chambers.

All exhibits must be marked before trial. Exhibits must be marked numerically and identify the party offering the exhibit. The identification number or letter will remain the same whether the exhibit is admitted or not.

### B. Witness Lists.

An original and three (3) copies of a party's witness list must be filed with the Clerk and served on all parties by July 23, 2007. Indicate whether the witness is testifying by deposition or in person. Objections to use of deposition testimony are due within three

working days before trial. The objecting party must highlight those portions of the requested deposition testimony to which the party objects. Plaintiff must use a yellow highlighter and defendant must use a blue highlighter. The parties must confer about any disputes and, if unable to resolve any differences, must notify the Court in writing at least  5 working days before trial.

**C. Voir Dire.**

    1. If allowed, do the parties wish to participate in *voir dire*? This is not a jury trial.

        Plaintiff    \_\_\_\_Yes    \_X\_\_ No

        Defendant    \_\_\_ Yes    \_X\_\_ No

**D. Jury Instructions and Verdict.** Not Applicable. This is a bench trial.

**E. Statement of Case.** N/A

The parties must confer and submit an agreed statement of the case to the Court that will be read to the jury panel during jury selection. The statement must be submitted to the Court \_\_\_\_\_ days before jury selection.

**F. Submissions for Bench Trials.**

    1. The parties must submit one mutually approved set of proposed findings of fact and conclusions of law no later than *July 16, 2007*. Any trial briefs and/or memoranda of law must be submitted by *July 16, 2007*. For those findings of fact and conclusions of law the parties were unable to agree upon, each party must submit its own proposed findings of fact and conclusions of law at the same time as submission of the mutually approved set.

Trial briefs outlining the basic legal theories, anticipated evidence in support of such theories, and the legal basis of any anticipated evidentiary disputes are strongly encouraged and should be filed with the Clerk at least 5 working days before trial or by 7/16/07.

13

**2.** If available, submit a hard 3.5 diskette on Word Perfect 8.0 format of the findings of fact and conclusions of law.

## XI. OTHER MATTERS

**A. Settlement Possibilities.**

1. The possibility of settlement in this case is considered:

   _X_ Poor  _____ Fair  _____ Good _____ Excellent  _____ Unknown

2. Do the parties have a settlement conference set with the assigned Magistrate Judge?

   ___Yes   _X_ No   If yes, when? Settlement Conference was vacated.

   If a settlement conference has already been held, indicate approximate date. Would a follow-up settlement conference be beneficial? _____ Yes _X_ No

3. Does either party wish to explore any alternatives for dispute resolution such as mediation or a summary jury trial? If yes, please identify. No___ If no, explain why not. Issues are not readily amenable to settlement.

**B. Length of Trial and Trial Setting.**

1. This action is a  _X_ Bench trial   ___ Jury Trial   _____ Both

2. The case is set for trial on July 30, 2007. If there is no setting, the parties estimate they will be ready for trial by _____.

3. The estimated length of trial is 4-5 day(s).

## XII. EXCEPTIONS

## XIII. MODIFICATIONS-INTERPRETATION

The Pretrial Order when entered will control the course of trial and may only be amended *sua sponte* by the Court or by consent of the parties and Court approval. The pleadings will be deemed merged herein.

The foregoing proposed Pretrial Order (prior to execution by the Court) is hereby approved this 1st day of June, 2007.

 Approved via electronic mail, 6/1/07___
Richard L. Bolton
Boardman, Suhr, Curry & Field LLP
Attorneys for Plaintiffs
Fourth Floor, 1 South Pinckney St.
P.O. Box 927
Madison, WI 53701-0927
(608) 257-9521
(608) 283-1709 (Facsimile)

Adam S. Baker
Maestas Baker Boothby & Warren, P.C.
224 Cruz Alta Road, Suite H
Taos, NM 87571

    Electronic Signature         
Gail Gottlieb
Benjamin E. Thomas
Sutin, Thayer & Browne
A Professional Corporation
Attorneys for CCA and
Bill Snodgrass
P.O. Box 1945
Albuquerque, NM 87103
(505) 883-2500
(505) 888-6565 (Facsimile)

15

  Approved via electronic mail, 6/1/07
David K. Thomson
David Tourek
Assistant Attorneys General
Attorneys for Joe Williams and
Homer Gonzales
P.O. Drawer 1508
Santa Fe, NM  87504-1508
(505) 827-7416


Dated: 06 June 07

_____
RICHARD L. PUGLISI
UNITED STATES MAGISTRATE JUDGE
(sitting by designation)